■ STEVEN MESSANA, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent. [2 NYS3d 367]—

In an action to recover damages for employment discrimination and wrongful termination of employment on the basis of disability in violation of the Administrative Code of the City of New York § 8-107 (1) (a), and retaliation in violation of the Administrative Code of the City of New York § 8-107 (7), the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered March 13, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this wrongful termination action

against his former employer, the Long Island Railroad Company (hereinafter the defendant), alleging that it terminated his employment due to issues concerning his mental health, and in retaliation for his complaints to management about disparate treatment on the basis of that disability. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Administrative Code of the City of New York § 8-107 (1) (a) and (7). In that respect, the defendant failed to make "a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination [or retaliation] played a role in [its] challenged actions" (*Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 927 [2012]; *see Furfero v St. John's Univ.*, 94 AD3d 695, 699 [2012]; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiff's remaining contention. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.