In an action, inter alia, to recover damages for employment discrimination on the basis of sexual orientation and unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated June 25, 2015, as granted those branches of the defendants’ motion which were for summary judgment dismissing the first and second causes of action.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff alleged that she is an openly gay woman who was employed as a peace officer at the Empire City Casino and was subjected to persistent and severe discriminatory comments and conduct by other employees and her supervisors. She further alleged that after she complained about these comments and conduct, she was subjected to incidences of retaliation. She commenced this action against her employer and individual supervisors, alleging, inter alia, employment discrimination/hostile work environment on the basis of sexual orientation and unlawful retaliation in violation of Executive Law § 296 (1) and (7). After discovery, the defendants moved for summary judgment dismissing the amended complaint. In the order appealed from, the Supreme Court granted the defendants’ motion. On appeal, the plaintiff challenges so much of the order as granted those branches of the defendants’ motion which were for summary judgment dismissing the employment discrimination/hostile work environment and unlawful retaliation causes of action.
 

 A plaintiff alleging employment discrimination based upon sexual orientation has the initial burden to establish a prima facie case of discrimination. To establish intentional discrimination, the “plaintiff must show that (1) she is a member of a protected class; (2) she was qualified to hold the position; (3) she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination” (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). The burden then shifts to the employer to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision (see id. at 305). In order to succeed on such claim, the plaintiff must prove that the legitimate reasons proffered by the defendant were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason (see id.). To establish entitlement to summary judgment in a case alleging discrimination, the defendants must demonstrate either the plaintiff’s inability to establish every element of intentional discrimination, or, having offered a legitimate, nondiscriminatory reason for the challenged action, the absence of a material issue of fact as to whether that reason was pretextual (see id.; Radler v Catholic Health Sys. of Long Is., Inc., 144 AD3d 781, 782 [2016]).
 

 Here, the defendants met their prima facie burden by offering legitimate, nondiscriminatory reasons for the challenged actions and demonstrating the absence of material issues of fact as to whether their explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). In opposition, the plaintiff failed to raise a triable issue of fact (see Mendelsohn v New York Racing Assn., Inc., 134 AD3d 914 [2015]; Cotterell v State of New York, 129 AD3d 653 [2015]). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the first cause of action, alleging employment discrimination/hostile work environment.
 

 In order to make out a cause of action alleging unlawful retaliation, the “plaintiff must show that (1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action” (Forrest v Jewish Guild for the Blind, 3 NY3d at 312-313). In the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination (see Burlington N. & S. F. R. Co. v White, 548 US 53, 68 [2006]). “To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant’s explanations were pretextual” (Delrio v City of New York, 91 AD3d 900, 901 [2012]; see Forrest v Jewish Guild for the Blind, 3 NY3d at 313-314; Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867 [2016]).
 

 Here, the defendants met their initial burden of demonstrating that the plaintiff could not make out a prima facie case of unlawful retaliation by showing that the challenged actions were not causally connected to any protected activity engaged in by the plaintiff (see Forrest v Jewish Guild for the Blind, 3 NY3d at 313-314). In opposition, the plaintiff failed to submit sufficient evidence from which a causal connection could be found between any protected activity in which she engaged and any adverse employment action. Merely pointing to the sequence in time of events is insufficient to establish a causal connection between the plaintiff’s complaints of sexual orientation discrimination and any adverse employment action (see Chojar v Levitt, 773 F Supp 645, 655 [SD NY 1991]; see also Feliciano v Alpha Sector, Inc., 2002 WL 1492139, *12, 2002 US Dist LEXIS 12631, *35 [SD NY, July 12, 2002, No. 00 CIV 9309 (AGS)]). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the second cause of action, alleging unlawful retaliation.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.