Bilitch v New York City Health & Hosps. Corp. (2021 NY Slip Op 03300)





Bilitch v New York City Health & Hosps. Corp.


2021 NY Slip Op 03300


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14913
 (Index No. 17238/11)

[*1]Gennadii Bilitch, etc., respondent, 
v
New York City Health & Hospitals Corp., et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for appellants.
Jonathan E. Neuman, Fresh Meadows, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendants New York City Health & Hospitals Corp., Physician Affiliate Group of New York, P.C., and David P. Neckritz appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 16, 2018, as corrected by an order of the same court (Edgar G. Walker, J.), dated October 24, 2019. The order, as corrected, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Health & Hospitals Corp., Physician Affiliate Group of New York, P.C., and David P. Neckritz.
ORDERED that the order, as corrected, is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the causes of action alleging violations of Executive Law § 296 and Administrative Code of City of NY § 8-107 as are predicated upon a claim of quid pro quo gender discrimination, and the cause of action alleging intentional infliction of emotional distress, insofar as asserted against the defendants New York City Health & Hospitals Corp., Physician Affiliate Group of New York, P.C., and David P. Neckritz, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Inna Shuman was an employee at the defendant Coney Island Hospital. Her supervisor for six years was the defendant David P. Neckritz. Prior to her death, Shuman commenced this action asserting causes of action sounding in gender discrimination, hostile work environment, and retaliation, in violation of the New York State Human Rights Law (see Executive Law § 296 [hereinafter the NYSHRL]) and the New York City Human Rights Law (see Administrative Code § 8-107 [hereinafter the NYCHRL]), as well as intentional infliction of emotional distress. Shuman alleged that shortly after Neckritz's appointment as chairman of the emergency department, he approached her one morning and put his hands on her shoulders while claiming he was going to make her his "doctor in charge." Neckritz then allegedly slid his hands down Shuman's chest, making contact with her breasts, prompting her to push him away. Later that [*2]morning, Neckritz continued to make contact with Shuman by pushing his body against her during their "morning report." Shuman disclosed this conduct to her supervisors, and asserted that Neckritz responded to the rebuff and the complaints by, among other things, denying her the "doctor in charge" promotion, assessing her negative employment evaluations, and committing her to a "focus professional practice evaluation" (hereinafter FPPE) program that resulted in a restricted work schedule which effectively precluded her from obtaining overtime and performing procedures necessary to maintain certain clinical privileges. After discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated August 16, 2018, as corrected by an order dated October 24, 2019, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City of New York and Coney Island Hospital, and denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against New York City Health & Hospitals Corp., Physician Affiliate Group of New York, P.C., and Neckritz (hereinafter collectively the appellants). This appeal ensued.
The NYSHRL and the NYCHRL prohibit employment discrimination on the basis of gender and retaliation against an employee for opposing discriminatory practices (see Executive Law § 296[1], [7]; Administrative Code § 8-107[1], [7]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 920).
A plaintiff alleging discrimination in violation of the NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Furfero v St. John's Univ., 94 AD3d 695, 696). To prevail on a summary judgment motion in an action alleging discrimination in violation of the NYSHRL, "a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual" (Reichman v City of New York, 179 AD3d 1115, 1117 [internal quotation marks omitted]; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). "An adverse employment action requires a materially adverse change in the terms and conditions of employment" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306).
Here, the appellants demonstrated, prima facie, that Shuman did not suffer an adverse employment action within the meaning of the NYSHRL when she was denied being made the "doctor in charge," since this position was merely an administrative designation that did not confer a change in title or salary (see Furfero v St. John's Univ., 94 AD3d at 698). As a consequence of being placed on the FPPE, however, Shuman was subjected to work hour restrictions precluding her from seeking overtime, which was an adverse employment action since it adversely affected her pay (see Forrest v Jewish Guild for the Blind, 3 NY3d at 306; Santiago-Mendez v City of New York, 136 AD3d 428, 429). The appellants, however, established the absence of a triable issue of fact as to whether their explanation for Shuman's negative performance evaluations, and placement on the FPPE, was a pretext for gender discrimination. While the evidence may have revealed triable issues of fact as to whether Shuman's performance warranted negative employment evaluations, or placement on the FPPE in the first instance, the question is not whether the decision was correct or wise, but whether the reason for the decision was a pretext for discrimination (see Grella v St. Francis Hosp., 149 AD3d 1046, 1048). Moreover, a triable issue of fact regarding the falsity of the appellants' proffered reasons for the employment action is not enough; there must be evidence "both that the reason was false, and that discrimination was the real reason" (id. at 1048 [emphasis and internal quotation marks omitted]; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). Here, the parties' evidentiary submissions reveal no evidence that gender discrimination was the real reason for the challenged employment actions.
In order to prevail on a claim of discrimination under the NYCHRL, a plaintiff must prove that unlawful discrimination was one of the motivating factors of the complained-of conduct (see Reichman v City of New York, 179 AD3d at 1117; Melman v Montefiore Med. Ctr., 98 AD3d 107, 127). A defendant's motion for summary judgment in an action alleging discrimination in [*3]violation of the NYCHRL "'must be analyzed under both the familiar framework of McDonnell Douglas Corp. v Green (411 US 792 [1973]) and under the newer mixed motive framework, which imposes a lesser burden on a plaintiff opposing such a motion'" (Sanderson-Burgess v City of New York, 173 AD3d 1233, 1235, quoting Persaud v Walgreens Co., 161 AD3d 1019, 1020). "'Summary judgment dismissing a claim under the NYCHRL should be granted only if no jury could find [the] defendant liable under any of the evidentiary routes—McDonnell Douglas, mixed motive, direct evidence, or some combination thereof'" (Sanderson-Burgess v City of New York, 173 AD3d at 1235, quoting Persaud v Walgreens Co., 161 AD3d at 1020). Here, the plaintiff, the executor of Shuman's estate, in response to the evidence of a legitimate employment action by the appellants, failed to raise a triable issue of fact as to whether the conduct was a pretext to mask a discriminatory intent or was in part motivated by discrimination (see Messana v Long Is. R.R. Co., 126 AD3d 677, 678).
We agree with the Supreme Court, however, that the appellants are not entitled to summary judgment dismissing so much of the causes of action alleging violations of Executive Law § 296 and Administrative Code of City of NY § 8-107 as are predicated upon a claim of hostile work environment insofar as asserted against them. A plaintiff claiming a hostile work environment animated by discrimination in violation of the NYSHRL must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310). To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with the plaintiff's work performance (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 919-920). "Even a single incident of sexual harassment can create a hostile work environment if the alleged conduct is sufficiently severe" (Beharry v Guzman, 33 AD3d 742, 743).
Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated "less well than other employees" because of the relevant characteristic (Reichman v City of New York, 179 AD3d 1115, 1118 [internal quotation marks omitted]; see Nelson v HSBC Bank USA, 87 AD3d 995, 999). The conduct alleged must, however, exceed "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [internal quotation marks omitted]), and "mere personality conflicts" will not suffice to establish a hostile work environment (Forrest v Jewish Guild for the Blind, 3 NY3d at 309).
Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the causes of action alleging violations of Executive Law § 296 and Administrative Code of City of NY § 8-107 as are predicated upon a claim of hostile work environment insofar as asserted against them. Contrary to the appellants' assertions, they failed to demonstrate, prima facie, that Shuman's allegations were not sufficiently severe or pervasive as to permeate the workplace and alter the conditions of her employment (see Dillon v Ned Mgmt., Inc., 85 F Supp 3d 639, 663 [ED NY]; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920), or that Shuman was not treated less well than other employees on the basis of gender.
The Supreme Court also properly determined that the appellants were not entitled to summary judgment dismissing the causes of action alleging retaliation in violation of the NYSHRL and the NYCHRL insofar as asserted against them. A plaintiff alleging retaliation in violation of the NYSHRL must show that (1) he or she engaged in a protected activity by opposing conduct prohibited thereunder; (2) the defendant was aware of that activity; (3) he or she suffered an adverse action based upon his or her activity; and (4) there was a causal connection between the protected activity and the adverse action (see Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920). "In the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (Keceli v Yonkers Racing Corp., 155 AD3d at 1016). "The antiretaliation provision protects an individual not from all retaliation, but from [*4]retaliation that produces an injury or harm" (Burlington N. & S. F. R. Co. v White, 548 US 53, 67).
The NYCHRL offers retaliation victims, like discrimination victims, broader protection than its NYSHRL counterpart (see Reichman v City of New York, 179 AD3d at 1119; Brightman v Prison Health Serv., Inc., 108 AD3d 739, 740). "'[T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct'" (Sanderson-Burgess v City of New York, 173 AD3d at 1235-1236, quoting Brightman v Prison Health Serv., Inc., 108 AD3d at 740).
"To establish its entitlement to summary judgment in a retaliation case [under either the NYSHRL or the NYCHRL], a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Reichman v City of New York, 179 AD3d at 1119-1120 [internal quotation marks omitted]; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Keceli v Yonkers Racing Corp., 155 AD3d at 1016; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920-921). Where a defendant produces "evidence that justifies [his or her] allegedly retaliatory conduct on permissible grounds . . . [t]he plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive" (Brightman v Prison Health Serv., Inc., 108 AD3d at 741 [citation omitted]; see Reichman v City of New York, 179 AD3d at 1120).
Contrary to the appellants' contention, Shuman's disclosure of the incident to her immediate supervisors raised a triable issue of fact as to whether she was engaged in a protected activity (see Ananiadis v Mediterranean Gyros Prod., Inc., 151 AD3d 915, 920; see also McGuinness v Concentric Health Care LLC, 116 AD3d 527, 529). Moreover, while the appellants' evidentiary submissions demonstrated, prima facie, that Shuman's placement on the FPPE was motivated by legitimate concerns, they also raised triable issues of fact as to whether Neckritz's conduct and motivation were also pretexual, or at least motivated, in part, by a retaliatory motive (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920).
However, the Supreme Court should have awarded the appellants summary judgment dismissing the cause of action alleging intention infliction of emotional distress insofar as asserted against them, as the record fails to describe behavior that is sufficiently extreme and outrageous to support this theory of liability (see Murphy v American Home Prods. Corp., 58 NY2d 293, 303; Nelson v Vigorito, 121 AD3d 872, 874).
The appellants' remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court