Hutting v Independent Living, Inc. (2021 NY Slip Op 05551)





Hutting v Independent Living, Inc.


2021 NY Slip Op 05551


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-09639
 (Index No. 6011/15)

[*1]Daniel Hutting, appellant,
v
Independent Living, Inc., respondent.


Derek Smith Law Group, PLLC, New York, NY (Zachary Holzberg of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Joseph DeGiuseppe, Jr., and John W. McGowan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sexual orientation and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated July 20, 2017. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of sexual orientation in violation of Title VII of the Civil Rights Act of 1964 and Executive Law § 296, and retaliation under the Family and Medical Leave Act of 1993 § 2615.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2015, the plaintiff commenced this action against the defendant, his former employer, to recover, inter alia, damages for employment discrimination on the basis of sexual orientation and retaliation. The plaintiff amended the complaint in September 2016. Thereafter, the defendant moved for summary judgment dismissing the amended complaint. In an order dated July 20, 2017, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of sexual orientation in violation of Title VII of the Civil Rights Act of 1964 (hereinafter Title VII) and Executive Law § 296, and the cause of action alleging retaliation under the Family and Medical Leave Act of 1993 (hereinafter FMLA) § 2615. The plaintiff appeals.
The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of sexual orientation in violation of Title VII and Executive Law § 296. Title VII's prohibition against sex discrimination encompasses discrimination based on sexual orientation (see Bostock v Clayton Cty., ___ US ___, ___, 140 S Ct 1731, 1737). The standards for establishing unlawful discrimination under Executive Law § 296 are the same as those governing cases under Title VII (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 n 3; see also Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 330). To establish [*2]entitlement to summary judgment in a case alleging employment discrimination on the basis of sexual orientation in violation of Title VII and Executive Law § 296, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a material issue of fact as to whether the defendant's explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1004).
Here, the defendant met its prima facie burden by proffering legitimate, nondiscriminatory reasons for its termination of the plaintiff's employment and demonstrating the absence of material issues of fact as to whether its explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016). In support of its motion, the defendant submitted evidence that the plaintiff's employment was terminated for his admitted failure to follow agency procedures regarding use of agency vehicles and submission of vouchers for expenses. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the plaintiff's sexual orientation was a motivating factor in the defendant's decision to terminate his employment (see 42 USC 2000e-2[m]; Keceli v Yonkers Racing Corp., 155 AD3d at 1016).
The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging retaliation under the FMLA. Here, contrary to the plaintiff's contention, the defendant submitted evidence demonstrating, prima facie, that the plaintiff did not suffer any adverse employment action upon his return from FMLA leave, as the change in his supervisor was contemplated before he took such leave and he did not experience any change in salary or benefits (see Sosa v New York City Dept. of Educ., 819 Fed Appx 30, 34 [2d Cir]; see also Keceli v Yonkers Racing Corp., 155 AD3d at 1016). In opposition, the plaintiff failed to raise a triable issue of fact.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court