Blackman v Metropolitan Tr. Auth. (2022 NY Slip Op 03490)





Blackman v Metropolitan Tr. Auth.


2022 NY Slip Op 03490


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2019-09440
 (Index No. 502489/14)

[*1]Michelle Blackman, respondent, 
v
Metropolitan Transit Authority, et al., defendants, New York City Transit Authority, et al., appellants.


David I. Farber (Steve S. Efron, New York, NY, of counsel), for appellants.
The Clancy Law Firm, P.C. (Niall Macgiollabhuí, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendants New York City Transit Authority, Thomas P. Latimer, and Christopher Johnson appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated July 8, 2019. The order, insofar as appealed from, in effect, denied those branches of those defendants' motion which were for summary judgment dismissing the first, third, fifth, seventh, ninth, eleventh, and twelfth causes of action insofar as asserted against them.
ORDERED that the order is modified insofar as appealed from, on the law, by deleting the provisions thereof, in effect, denying those branches of the motion of the defendants New York City Transit Authority, Thomas P. Latimer, and Christopher Johnson which were for summary judgment dismissing the fifth, seventh, ninth, eleventh, and twelfth causes of action insofar as asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, an African-American female, was employed by the defendant New York City Transit Authority (hereinafter the NYCTA). In March 2014, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of race in violation of the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL). The complaint asserted causes of action to recover damages for discrimination in hiring (first cause of action), discrimination in promotion (third cause of action), constructive discharge and hostile work environment (fifth cause of action), discrimination based on disparate impact (seventh cause of action), aiding and abetting discrimination against the defendants Thomas P. Latimer and Christopher Johnson (ninth cause of action), and breach of contract (eleventh and twelfth causes of action).
Thereafter, the NYCTA, Latimer, and Johnson (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 8, 2019, the Supreme Court, among other things, in effect, denied those [*2]branches of the motion which were for summary judgment dismissing the first, third, fifth, seventh, ninth, eleventh, and twelfth causes of action insofar as asserted against the defendants. The defendants appeal.
The NYSHRL and the NYCHRL prohibit discrimination in employment on the basis of race (see Golston-Green v City of New York, 184 AD3d 24, 34). "To establish a prima facie case of discrimination on the basis of race under the NYSHRL, a plaintiff must demonstrate that (1) the plaintiff is a member of a protected class, (2) the plaintiff was qualified to hold the position, (3) the plaintiff suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Ellison v Chartis Claims, Inc., 178 AD3d 665, 667; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1001). To prevail on a summary judgment motion in an action alleging discrimination in violation of the NYSHRL, "a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual" (Reichman v City of New York, 179 AD3d 1115, 1117 [internal quotation marks omitted]; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1001).
Here, the Supreme Court properly determined that there were triable issues of fact as to whether the defendants' proffered explanations for not hiring or promoting the plaintiff to a certain position, and for, instead, promoting a white woman to that position, were a pretext for intentional racial discrimination (see Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708; Reichman v City of New York, 179 AD3d at 1117; see also Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1001).
Moreover, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the claims of employment discrimination based on race in violation of the NYCHRL. The defendants failed to establish, prima facie, "that there was no evidentiary route that could allow a jury to find that discrimination on the basis of [race] played a role in their challenged actions" (Reichman v City of New York, 179 AD3d at 1118). The defendants' contention that the NYCTA is exempted from the requirements of the NYCHRL is without merit (see Tang v New York City Tr. Auth., 55 AD3d 720, 720-721).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the first cause of action, alleging discrimination in hiring, and the third cause of action, alleging discrimination in promotion.
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the fifth cause of action as alleged constructive discharge. "An employee is constructively discharged when her or his employer, rather than discharging the plaintiff directly, deliberately created working conditions so intolerable that a reasonable person in the plaintiff's position would have felt compelled to resign" (Golston-Green v City of New York, 184 AD3d at 44; see Nelson v HSBC Bank USA, 41 AD3d 445, 447). Here, the defendants established, prima facie, that the plaintiff's complaints were insufficient to show an intolerable work environment that would lead a reasonable person in that position to feel compelled to resign (see Best v Peninsula N.Y. Hotel Mgt., 309 AD2d 524, 524-525; Petrosino v Bell Atl., 385 F3d 210, 231). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the fifth cause of action as alleged a hostile work environment. A hostile environment claim "involves repeated conduct," not "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" (National Railroad Passenger Corporation v Morgan, 536 US 101, 114). Here, the two discrete acts alleged by the plaintiff were insufficient to create a hostile work environment (see Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 639-640; Holtz v Rockefeller & Co., 258 F3d 62, 75 [2d Cir]).
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the ninth cause of action, alleging aiding and abetting discrimination (see Strauss v New York State Dept. of Educ., 26 AD3d 67, 73). The court should have granted those branches of the defendants' motion which were for summary judgment dismissing the eleventh and twelfth causes of action, alleging breach of contract, since the plaintiff abandoned those causes of action by failing to address them in opposition to the defendants' motion (see Elam v Ryder Sys., Inc., 176 AD3d 675, 676). Finally, the court should have granted that branch of the motion which was for summary judgment dismissing the seventh cause of action, alleging discrimination based on disparate impact, as the plaintiff also abandoned that cause of action.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court