22-1867-pr
Jones v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————

Erin Jones,

> *Plaintiff-Appellant,*                  22-1867

> v.

The City of New York,

> *Defendant-Appellee.*

———————————————————————

FOR PLAINTIFF-APPELLANT: Erin Jones, *pro se*, Ozone Park, NY.

FOR DEFENDANT-APPELLEE: Deborah A. Brenner, Karin Wolfe, Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Erin Jones sued her former employer, the City of New York (the City), under the Americans with Disabilities Act (ADA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL), alleging failure to accommodate her disability, discrimination based on that disability, and retaliation based on her request for an accommodation.  Jones, who worked as a secretary with the New York City Police Department (NYPD), alleged that she was denied a reasonable accommodation for her respiratory and cardiac conditions, fired because of her

2

disability, and retaliated against for filing a charge with the Equal Employment

Opportunity Commission (EEOC).   The District Court granted partial

summary judgment to the City on the discrimination and retaliation claims, but

determined that triable issues of fact existed with respect to her failure to

accommodate claim.   After trial, at which Jones was represented by *pro bono*

counsel, the jury returned a verdict in favor of the City.   The District Court

entered judgment on July 27, 2022.   Jones appeals *pro se*, challenging both the

summary judgment decision and purported errors committed by the District

Court at trial.   We assume the parties' familiarity with the underlying facts

and the record of prior proceedings, to which we refer only as necessary to

explain our decision to affirm.

## I.    Summary Judgment

We review a grant of summary judgment *de novo*, "resolv[ing] all

ambiguities and draw[ing] all inferences against the moving party."   *Garcia v.*

*Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).   "Summary judgment

is proper only when, construing the evidence in the light most favorable to the

non-movant, 'there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law.'"   *Doninger v. Niehoff*, 642

F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## A. Disparate Treatment

The District Court properly granted summary judgment in favor of the

City on Jones's disparate treatment claims.   Claims alleging disparate

treatment under the ADA, NYSHRL, and NYCHRL are analyzed under the

familiar *McDonnell Douglas* burden-shifting framework.[1]   *See Ferraro v.*

*Kellwood Co*, 440 F.3d 96, 99 (2d Cir. 2006).   This standard first requires the

plaintiff to "establish a prima facie case of discrimination."   *Fox v. Costco*

*Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019).   To make a prima facie case of

discrimination, the plaintiff must show that: (1) her employer is subject to the

relevant federal, state, or local law, (2) she is disabled within the meaning of

---

[1] "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (quotation marks and citations omitted).   Accordingly, NYCHRL claims "must be analyzed under both the familiar framework of *McDonnell Douglas* . . . and under the newer mixed motive framework, which imposes a lesser burden on a plaintiff opposing such a motion."   *Bilitch v. New York City Health & Hosps. Corp.*, 148 N.Y.S.3d 238, 244 (2d Dep't 2021) (quotation marks and citations omitted).

4

those laws, (3) she is otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation, and (4) she suffered an adverse employment action because of her disability. *Id.*; *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973). Once the plaintiff establishes a prima facie case, the employer must demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. *Fox*, 918 F.3d at 71. If the employer meets this burden, the plaintiff must demonstrate that the employer's proffered reason is a pretext and that the real reason is discriminatory. *Id.* If the plaintiff fails to do so, the employer is entitled to summary judgment. *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

Even assuming Jones established a prima facie case of disability discrimination, the City proffered a legitimate, nondiscriminatory reason for her termination. New York Civil Service Law § 73 "governs separations and reinstatements of employees who are disabled by other than an occupational disease or injury." *Duncan v. N.Y. Dev. Ctr.*, 63 N.Y.2d 128, 134 (1984); *see* N.Y. Civ. Serv. Law § 73. The statute provides that "[w]hen an employee has been

5

continuously absent from and unable to perform the duties of h[er] position for one year or more by reason of a disability, . . . h[er] employment status may be terminated and h[er] position may be filled by a permanent appointment."). According to the City, Jones was fired under § 73 because she failed to resume her duties as a secretary for more than one year. Jones took a leave of absence in July 2015 and was scheduled to return in July 2016 but never did so. The City thus proffered a legitimate, non-discriminatory reason for terminating Jones in compliance with § 73.

Jones responds that she was able to perform the functions of her job as required under § 73 and that she should not have been faulted for failing to return to work within a year. But Jones failed to offer any evidence that the City's proffered reason for terminating her was pretextual and discriminatory. We therefore affirm the District Court's grant of summary judgment in favor of the City on Jones's claims that she was terminated in violation of the ADA, NYSHRL, and NYCHRL.

## B. Retaliation

The District Court also properly granted summary judgment to the City

6

on Jones's retaliation claims.   A claim of retaliation under the ADA requires an employee to "show that [s]he engaged in a protected activity, that [s]he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action."   *Fox*, 918 F.3d at 72–73.   "The burden-shifting framework under *McDonnell Douglas* also applies to retaliation claims under both the ADA and the NYSHRL."   *Tafolla v. Heilig*, No. 21-2327, ___ F.4th ___, 2023 WL 5313520, at *10 (2d Cir. Aug. 18, 2023).

We agree with the District Court that Jones failed to adduce sufficient evidence establishing that retaliation was the but-for cause of the denial of her request for a reasonable accommodation or her termination.   *See Tafolla*, 2023 WL 5313520, at *10.   Jones argues that the short period of time between her December 2016 EEOC charge and the January 2017 revocation of her temporary accommodation and the May 2017 termination is sufficient, at this stage, to establish causation.   But the May 2017 termination occurred more than four months after Jones filed her EEOC charge.   This time period does not, by itself, demonstrate a causal relationship between Jones's protected activity and the

7

adverse employment actions of which she complains. *See Clark Cnty. Sch. Dist.*

*v. Breeden*, 532 U.S. 268, 273–74 (2001) (noting that time periods greater than

three months can be insufficient to establish causal relationship). Jones does

not point to any other evidence in the record that demonstrates that the City

revoked her accommodation or terminated her for retaliatory reasons, as would

be required to prevail on her claim. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d

931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an

inference of retaliation for the purposes of establishing a prima facie case . . .

but without more, such temporal proximity is insufficient to satisfy appellant's

burden to bring forward some evidence of pretext.").

As noted above, claims under the NYCHRL must be analyzed separately.

*Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

Although the District Court did not separately analyze Jones's NYCHRL

retaliation claim, we conclude that it did not err in granting summary judgment

to the City on that claim because, as discussed above, Jones failed to offer *any*

evidence of a retaliatory motive.

8

## II.    Trial

### A. Sufficiency of the Evidence

We likewise reject Jones's challenge to the sufficiency of the evidence at trial.   "[A] party must raise a sufficiency-of-the-evidence claim in a post-trial motion to preserve it for appeal."   *Dupree v. Younger*, 598 U.S. 729, 734 (2023). Because Jones never filed such a motion before the District Court, we will not review her challenge on appeal.

Even if she had preserved this issue, however, she would not be entitled to relief from judgment because the record reveals that the jury's verdict was supported by sufficient evidence.   *See Highland Cap. Mgmt. LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010).   At trial, Sergeant Mayo and Staff Analyst Atkinson testified that Jones was granted, on a temporary basis, the accommodations she had requested and that these accommodations would have been extended if she had returned to work and submitted additional information about her medical condition.   In light of this evidence, which we must assume the jury credited, the jury reasonably found that the City offered Jones a reasonable accommodation.

## B. Evidentiary Rulings

Finally, Jones challenges the District Court's admission of certain evidence. We review the District Court's evidentiary rulings at trial for abuse of discretion and will reverse only for manifest error. *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). We find no such error here. In particular, the District Court properly admitted communication reports introduced through witness Sergeant Rebecca Mayo, whose testimony laid a proper foundation for admitting the reports as business records. *Ret. Plan of UNITE HERE Nat. Ret. Fund v. Kombassan Holding A.S.*, 629 F.3d 282, 289 (2d Cir. 2010) (quotation marks omitted) (A "custodian or other qualified witness must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the record."). Sergeant Mayo was not further required to show that the business records were on official letterhead with supervisory signatures or agency timestamps, or were authorized by the NYPD Police Commissioner.

Nor did the District Court err by permitting testimony related to Jones's request for an accommodation in 2014, even though the District Court had

10

concluded that Jones's claim relating to that request was time barred.   Jones's

counsel did not object to this testimony and, in any event, conduct that falls

outside the statute of limitations can be referenced as "background evidence"

relating to a "timely claim."   *National R.R. Passenger Corp. v. Morgan*, 536 U.S.

101, 113 (2002).

*   *   *

We have considered Jones's remaining arguments and conclude that they

are without merit.   For the foregoing reasons, the judgment of the District

Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court