McIntosh v City of New York (2026 NY Slip Op 01780)

McIntosh v City of New York

2026 NY Slip Op 01780

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-10734
 (Index No. 505675/22)

[*1]Sakina McIntosh, et al., appellants,
vCity of New York, et al., respondents, et al., defendants.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellants.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Jennifer Lerner of counsel), for respondents and defendants.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated July 10, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York and Anthony Tse which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, third, fifth, sixth, seventh, and tenth causes of action insofar as asserted against them and, sua sponte, directed dismissal of the amended complaint insofar as asserted against the defendants Annette Hill and John and Jane Does 1-10.
ORDERED that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the amended complaint insofar as asserted against the defendants Annette Hill and John and Jane Does 1-10 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the amended complaint insofar as asserted against the defendants Annette Hill and John and Jane Does 1-10; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action, inter alia, to recover damages for employment discrimination against the defendants: the plaintiffs' former employer, City of New York, the plaintiffs' former supervisor, Annette Hill, the plaintiffs' former coworker Anthony Tse, and John and Jane Does 1-10. The amended complaint alleged, among other things, that the plaintiffs suffered discrimination on the basis of gender, retaliation, and a hostile work environment, in violation of the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-107) and the New York State Human Rights Law (NYSHRL) (Executive Law § 290 et seq.). The tenth cause of action alleged that Tse aided and abetted the foregoing alleged violations of the NYCHRL. The City and Tse (hereinafter together the defendants) moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. In an order dated July 10, 2023, the Supreme Court, inter alia, granted those branches of the motion which were to dismiss the first, [*2]second, third, fifth, sixth, seventh, and tenth causes of action insofar as asserted against the defendants and, sua sponte, directed dismissal of the amended complaint insofar as asserted against Hill and John and Jane Does 1-10. The plaintiffs appeal.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871 [internal quotation marks omitted]). Here, no extraordinary circumstances existed to warrant dismissal (see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 118-119; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698, 699). Accordingly, the Supreme Court erred in, sua sponte, directing dismissal of the amended complaint insofar as asserted against Hill and John and Jane Does 1-10 (see Housing Trust Fund Corp. v Mastropolo, 235 AD3d 852, 853; Wells Fargo Bank, N.A. v St. Louis, 229 AD3d at 118-119).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bernstein v Jacobson, 238 AD3d 1102, 1103 [alteration and internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "However, allegations consisting of bare legal conclusions are not entitled to any such consideration" (Geltzer v City of New York, 237 AD3d 910, 912 [internal quotation marks omitted]). "Further, where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (D'Adamo v Cohen, 232 AD3d 848, 849 [internal quotation marks omitted]).
Both the NYSHRL and the NYCHRL, as relevant here, make it unlawful for an employer or an employee or agent thereof to refuse to hire or to discriminate against an individual in compensation or in terms, conditions or privileges of employment, because of that person's sex or gender (see Executive Law § 296[1][a]; [6]; Administrative Code § 8-107[1][a][3]). A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Golston-Green v City of New York, 184 AD3d 24, 36). Under the NYCHRL, the plaintiff must establish that she or he was subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic (see Golston-Green v City of New York, 184 AD3d at 38).
Here, accepting the facts as alleged in the amended complaint as true, and according the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87), the plaintiffs failed to allege circumstances giving rise to an inference of discrimination based on their gender (see Reilly v First Niagara Bank, N.A., 173 AD3d 1082; Cahill v State of N.Y. Stony Brook Univ. Hosp., 139 AD3d 779, 781; Mitchell v TAM Equities, Inc., 27 AD3d 703, 706). The plaintiffs also failed to allege that they suffered an adverse employment action or that they were treated less well on the basis of gender. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and fifth causes of action insofar as asserted against them.
The Supreme Court also properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and sixth causes of action, alleging retaliation pursuant to the NYSHRL and the NYCHRL, insofar as asserted against them, as the amended complaint failed to allege that either of the plaintiffs suffered an adverse employment action based upon their engagement in a protected activity (see Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016) or that the defendants engaged in conduct that was reasonably likely to deter a person from engaging in protected activity (see Reichman v City of New York, 179 AD3d 1115, [*3]1120; Sanderson-Burgess v City of New York, 173 AD3d 1233, 1235-1236). Furthermore, the plaintiffs failed to allege a causal connection between the plaintiffs' engagement in the allegedly protected activity and the alleged retaliatory conduct (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1004; Keceli v Yonkers Racing Corp., 155 AD3d at 1016).
A plaintiff alleging a hostile work environment animated by discrimination in violation of the NYSHRL must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310; see also La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 919). To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 919-920).
Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that "he or she was treated less well than other employees because of the relevant characteristic" (Nelson v HSBC Bank USA, 87 AD3d 995, 999; see Reichman v City of New York, 179 AD3d at 1119). The conduct alleged must, however, exceed "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [internal quotation marks omitted]), and "mere personality conflicts" will not suffice to establish a hostile work environment (Forrest v Jewish Guild for the Blind, 3 NY3d at 309).
Here, the plaintiffs' allegations regarding a hostile work environment were not so severe or pervasive as to permeate the workplace and alter the conditions of the plaintiffs' employment (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 919). Further, the plaintiffs failed to allege that they were treated less well than other employees because of their gender (see Nelson v HSBC Bank USA, 87 AD3d at 999). Rather, the allegations amounted to petty slights and trivial inconveniences (see Reichman v City of New York, 179 AD3d at 1119).
Finally, the plaintiffs failed to state a cause of action alleging aiding and abetting discrimination, as there can be no such liability given that the Supreme Court properly directed dismissal of the predicate claims against the defendants (see Russell v New York Univ., 42 NY3d 377, 388).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, third, fifth, six, seventh, and tenth causes of action insofar as asserted against them.
The plaintiffs' remaining contention is not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court