Robinson v Dinneen (2022 NY Slip Op 01889)





Robinson v Dinneen


2022 NY Slip Op 01889


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 158939/17 Appeal No. 15546 Case No. 2021-03508 

[*1]Miranda Robinson, Plaintiff-Respondent,
v
Patrick Shane Dinneen, Defendant-Appellant, Executive Club, LLC, et al., Defendants-Respondents.


Porzio, Bromberg & Newman, P.C., New York (Gary M. Fellner of counsel), for appellant.



Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about September 16, 2021, which denied as premature so much of defendant Patrick Shane Dinneen's motion as sought to preclude any testimony or evidence relating to prior bad acts and to sever plaintiff's claims against him, denied so much of his motion as sought to restrict questioning at his examination before trial, denied so much of his motion as was to strike purportedly scandalous and prejudicial portions of the complaint without prejudice to renewal in the event of a severance, and denied so much of his motion as was to strike paragraphs 38 and 40 of the complaint, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying as premature Dinneen's motion to sever plaintiff's causes of action against him from those against defendant Executive Club, LLC. It correctly held that effectuating severance now could complicate discovery, and that, upon completion of discovery, it would be easier to determine if severance is necessary.
At this stage of the litigation, where the note of issue has not been filed and party depositions have not yet begun, Dinneen failed to demonstrate that evidence concerning his alleged prior bad acts should be precluded, as any evidence regarding those allegations may be relevant to establish motive, intent, or a common scheme or plan (see Matter of Brandon , 55 NY2d 206, 211 [1982]; People v Molineux , 168 NY 264, 293 [1901]). Further, the court properly denied Dinneen's motion to strike portions of the complaint, as he has made no showing that the purportedly scandalous or prejudicial allegations are irrelevant (see CPLR 3024[b]).
We have considered Dinneen's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022