Crawford v American Broadcasting Co., Inc. (2023 NY Slip Op 02611)

Crawford v American Broadcasting Co., Inc.

2023 NY Slip Op 02611

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 157874/21 Appeal No. 258 Case No. 2022-02552 

[*1]Kirstyn Crawford, Appellant,
v
American Broadcasting Company, Inc., et al., Respondents.

Walden Macht & Haran LLP, New York (Milton L. Williams, Jr. of counsel), for appellant.
Paul Hastings LLP, New York (Emily R. Pidot of counsel), for American Broadcasting Company, Inc., respondent.
Paduano & Weintraub LLP, New York (Courtney Fain of counsel), for Michael Corn, respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 9, 2022, which, to the extent appealed from, granted defendant Michael Corn's motion to dismiss the hostile work environment, sex discrimination, and quid pro quo harassment claims against him, and granted defendant American Broadcasting Company, Inc.'s (ABC) motion to dismiss the quid pro quo harassment claim against it and to strike paragraphs 4 and 22-33 of the amended complaint, unanimously modified, on the law, to deny Corn's motion to dismiss the hostile work environment and sex discrimination claims against him, and deny ABC's motion to strike paragraphs 4 and 22-33 of the amended complaint, and otherwise affirmed, without costs.
The allegations supporting plaintiff's hostile work environment and sex discrimination claims are timely, as she has sufficiently alleged facts comprising "a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint" (Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021], quoting Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544 [1st Dept 2014]). The complaint alleges that, following Corn's sexual assault on plaintiff in February 2015, he continued to stare at her, lurked by her desk, made inappropriate, flirtatious comments toward her, disclosed intimate details about his marriage, and frequently pressured her to go out drinking, within the limitations period. It cannot be said that, as a matter of law, these acts were not part of a single continuing pattern of unlawful conduct supporting her hostile work environment and discrimination claims (see Petit v Department of Educ. of the City of N.Y., 177 AD3d 402, 403-404 [1st Dept 2019]).
Moreover, under the New York City Human Rights Law (Administrative Code of City of NY § 8-107) and amended New York State Human Rights Law (Executive Law § 296[h]), the allegations that Corn sexually assaulted plaintiff in 2015 and engaged in a pattern of gender-based misconduct in the workplace, demonstrate that she was subjected to inferior terms, conditions, or privileges of employment on the basis of her gender (see Anderson v Edmiston & Co., Inc., 131 AD3d 416, 417 [1st Dept 2015]).
Plaintiff's quid pro quo harassment claims were correctly dismissed, as there is no allegation that Corn denied her a promotion during the limitations period, and she failed to adequately plead a pattern of unlawful conduct relating to her promotion (see James v City of New York, 144 AD3d 466, 467 [1st Dept 2016]). Plaintiff's vague allegation that she "attempted" to speak to defendant "over the next few years" is insufficient to support her claim (see id.; cf. Jeudy v City of New York, 142 AD3d 821 [1st Dept 2016] [applying continuing violation doctrine to failure to promote claim, where plaintiff repeatedly applied for and was denied promotions]).
The motion to strike certain allegations in the amended complaint regarding [*2]defendant's sexual assault of another ABC employee should not have been granted. At this stage in the litigation, defendants failed to demonstrate that allegations concerning alleged prior bad acts should be precluded, as any evidence regarding those allegations may be relevant to plaintiff's hostile work environment claim (see e.g. Robinson v Dinneen, 203 AD3d 555, 556 [1st Dept 2022]). Since hostile work environment claims are to be decided based on the totality of the circumstances (see Hernandez v Kaisman, 103 AD3d 106, 112 [1st Dept 2012]), evidence relating to Corn's prior misconduct and behavior towards other women in the workplace is relevant in this case (see Robinson, 203 AD3d at 556).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023