■ CHARLES WIENER et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [877 NYS2d 247]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 3, 2007, insofar as it granted the motion of defendant Yonkers Contracting Co., Inc. and the cross motion of defendant Safety Marking, Inc. for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs. Appeal from those portions of the same order which granted defendant City of New York's motion for summary judgment and denied that portion of plaintiff's cross motion to compel disclosure from the City, unanimously dismissed, without costs.

Plaintiff Charles Wiener was injured on May 30, 2003 when his bicycle allegedly slid on a granular white substance on a bicycle path, causing him to fall. During his 2003 deposition, he stated that he bicycled to work every day along the same path, but had not noticed the granular substance prior to his accident. Nor did he observe any construction activity on that date. Following defendants' respective documentary showings of prima facie entitlement to summary judgment, plaintiffs' proffer of mere conjecture and speculation, rather than admissible evidence, failed to raise a triable issue of fact as to whether any of the moving defendants' negligence caused plaintiff's injury (*see Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302, 303 [2006]; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]).

Plaintiff consented to the granting of defendant City of New York's motion for summary judgment dismissing the complaint against it. Thus, plaintiff is not aggrieved by that portion of the order granting that motion (*see Matter of Shteierman v Shteierman*, 29 AD3d 810 [2006]; *Matter of D'Imperio v Putnam Lake Fire Dept.*, 262 AD2d 410 [1999]). Moreover, because plaintiff consented to the granting of the City's motion and the dismissal of the complaint against it, that portion of plaintiff's cross mo-

tion to compel disclosure from the City is moot. Accordingly, plaintiff's appeal from those portions of the order granting the City's motion and denying that portion of plaintiff's cross motion to compel disclosure from the City are dismissed.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ. [*See* 2007 NY Slip Op 33160(U).]