■ Boris Furlender, Appellant, v Sichenzia Ross Friedman Ference LLP, Respondent, et al., Defendants. (And a Third-Party Action.) [912 NYS2d 204]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 20, 2009, which granted defendant-respondent law firm's (defendant) motion pursuant to CPLR 3211 (a) (1) to dismiss the action as against it, unanimously affirmed, without costs.

The affidavit of defendant's attorney was a proper vehicle for the submission of acceptable attachments providing " 'evidentiary proof in admissible form', e.g., documents," even though the attorney had no first-hand knowledge of the underlying facts (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Those documents, prepared by defendant in connection with the establishment of an enterprise between plaintiff and defendant Sherman, a nonparty to this appeal, conclusively show that defendant structured the enterprise pursuant to plaintiff's instructions, refuting plaintiff's contrary allegation. Specifically, the authenticated documents show that defendant, as instructed by plaintiff, structured the enterprise so as to establish a parent corporation owned by plaintiff and Sherman, which corporation in turn owned a subsidiary LLC holding ownership rights to a patent formerly owned by Sherman. The authenticated documents also conclusively show that when attempting to exercise his rights under a stock purchase agreement prepared by defendant, plaintiff failed to follow the procedures and mechanisms clearly set out therein, refuting his claim that such failure was due to defendant's professional negligence. As plaintiff does not address Supreme Court's dismissal of his cause of action for breach of fiduciary duty based on an alleged conflict of interest, we deem the issue abandoned on appeal (*McHale v Anthony*, 41 AD3d 265, 266-267 [2007]). Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.