■ IVETTE SANTIAGO-MENDEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [26 NYS3d 514]—

Order, Supreme Court, New York County (Frank R. Nervo, J.), entered July 16, 2014, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion to dismiss plaintiff's non-time-barred claims for race, national origin, and gender discrimination as against defendants the City of New York, Lieutenant Ahern, and Captain Kelly, and otherwise affirmed, without costs.

Plaintiff, a Hispanic woman, was a New York City Police Department (NYPD) detective who retired in July 2012. Plaintiff filed the complaint in this action on August 28, 2013. Her allegations of matters occurring before August 28, 2010 are time-barred, since the statute of limitations for claims under both the State and City Human Rights Law (HRL) is three years (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]; *Mascola v City Univ. of N.Y.*, 14 AD3d 409, 409 [1st Dept 2005] [State HRL]; *Herrington v Metro-North Commuter R.R. Co.*, 118 AD3d 544, 544 [1st Dept 2014] [City HRL]). Plaintiff failed to preserve her argument that the continuous violation doctrine applies, and, in any event, the argument lacks merit (*see generally Ferraro v New York City Dept. of Educ.*, 115 AD3d 497, 497-498 [1st Dept 2014]; *see also National Railroad Passenger Corporation v Morgan*, 536 US 101, 113-114 [2002]).

It is undisputed that plaintiff sufficiently stated the first two elements of an employment discrimination claim under both the State and City HRL—namely, that she is a member of a protected class and was well qualified for her position (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621,

622 [1st Dept 2013]). Plaintiff also sufficiently stated the third element—that she was adversely or differently treated (*id.*). In particular, plaintiff alleges that, after she applied for terminal leave in November 2010, Captain Kelly restricted her overtime, causing her to lose "at least 6 hours" of overtime hours and wages. "[A] decrease in wage or salary" constitutes a "materially adverse change in the terms and conditions of employment" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004] [internal quotation marks omitted]). Plaintiff's assertion that, in February 2012, she was denied promotion to "Detective 2nd Grade" also adequately alleges an adverse employment action (*see id.*).

Plaintiff sufficiently alleged the fourth element of her claim—that the adverse action was made under circumstances giving rise to an inference of discrimination (*see Rollins v Fencers Club, Inc.*, 128 AD3d 401, 401 [1st Dept 2015]; *see generally Askin*, 110 AD3d at 622). Plaintiff alleged, among other things, that Captain Kelly told a Hispanic male detective that he "should go back to landscaping" and that she was shut out of meetings because she was not part of the "Boys' Club" (*see Mihalik v Credit Agricole Cheuvreux N. Am., Inc.*, 715 F3d 102, 106, 113 [2d Cir 2013]).

The most offensive acts alleged by plaintiff with respect to her hostile work environment claim occurred between 1999 and 2002, and are therefore time-barred. To the extent plaintiff's remaining allegations—regarding the placement of Band-Aids in a "public restroom" and magazines in a "gender-neutral lounge"—are not time-barred, plaintiff fails to allege or explain how these acts are attributable to defendants.

Plaintiff does not address in her appellate brief the dismissal of her claims against defendants NYPD, Commissioner Kelly, Lieutenant Faughan, Inspector Cully, Inspector Shea, and Captain McNally. Accordingly, we deem those issues abandoned on appeal (*see Furlender v Sichenzia Ross Friedman Ference LLP*, 79 AD3d 470, 470 [1st Dept 2010]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.