(September 15, 2016)

■ St. Jean Jeudy, Appellant, v City of New York, Respondent. [37 NYS3d 498]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered July 9, 2015, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the claims other than those under the New York State Human Rights Law for failure to promote before May 23, 2011, and otherwise affirmed, without costs.

Crediting plaintiff's allegations, as amplified by his opposing affidavit, for the purposes of this motion to dismiss, we find that the complaint states causes of action for discrimination and retaliation and is time-barred only in part. Plaintiff, a black man born in Haiti, emigrated to the United States in 1994 and received a bachelor's degree in forensic science in 2003. During the relevant time period, he held the title of Criminalist I-B at the Office of the Chief Medical Examiner (OCME). He began applying for promotion to Criminalist II in

early 2007 and was rejected. By late 2010, plaintiff had been working for OCME for more than six years, but was still in an entry-level Criminalist I-B position. Meanwhile, a number of "non-black, American-accented" criminalists who were junior to him were promoted to Criminalist II and III. Plaintiff continued applying until 2013, and continued to be rejected. In March 2011, at his 2010 year-end review meeting, his supervisor told him that he was not being promoted because of his foreign accent. According to plaintiff, management had a standing practice of not promoting foreign-accented criminalists to Criminalist II, the level at which criminalists would be expected to testify in court, because management did not believe that foreign-accented criminalists could testify effectively.

In mid-2011, a Criminalist III told plaintiff that, as a result of his persistence and repeated complaints about not being promoted, management was "out to get" him. Thereafter, managers, including the heads of the Homicide and Sex Crimes Group to which plaintiff was assigned, embarked on a campaign to write plaintiff up for minor errors and give him unfavorable year-end reviews. This resulted in disciplinary charges and a suspension, which were resolved by a probationary retraining period. Plaintiff was given an unfavorable "Conditional" final performance rating, which was inconsistent with the favorable preliminary review he had been given only a month earlier. As a result, he was terminated effective February 12, 2014.

Plaintiff commenced this action in Supreme Court, New York County, in May 2014, asserting causes of action for racial and national origin discrimination and retaliation in violation of the New York State and New York City Human Rights Laws (HRLs). Defendant moved to dismiss the complaint on the grounds that plaintiff's claims were time-barred and that the complaint failed to state a cause of action.

The statute of limitations under the State and City HRLs is three years (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]; *Santiago-Mendez v City of New York*, 136 AD3d 428 [1st Dept 2016]). Since plaintiff filed his complaint in this action on May 23, 2014, allegedly discriminatory acts committed before May 23, 2011 are facially untimely (*see Stembridge v New York City Dept. of Educ.*, 88 AD3d 611 [1st Dept 2011], *lv denied* 19 NY3d 802 [2012]).

However, plaintiff's claims under the New York State HRL for failure to promote *after May 23, 2011* are timely and should not have been dismissed, as plaintiff alleged sufficient facts to meet his pleading burden for purposes of this motion to dismiss

(*see Wiesen v New York Univ.*, 304 AD2d 459, 460 [1st Dept 2003]). Plaintiff's claims for failure to promote under the City HRL were also improperly dismissed because plaintiff has adequately alleged "a single continuing pattern of unlawful conduct [starting from his first promotion rejection in 2007] extending into the [limitations] period immediately preceding the filing of the complaint" (*Ferraro v New York City Dept. of Educ.*, 115 AD3d 497, 497-498 [1st Dept 2014]; *Williams v New York City Hous. Auth.*, 61 AD3d 62, 72 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]), which permits consideration under the City HRL of all actions relevant to that claim, including those that would otherwise be time-barred (*see Van Zant v KLM Royal Dutch Airlines*, 80 F3d 708, 713 [2d Cir 1996]). Moreover, while, as plaintiff concedes, the continuing violations doctrine only applies to his claims of failure to promote under the City HRL (*see National Railroad Passenger Corporation v Morgan*, 536 US 101, 113-114 [2002]), even under the State HRL, he "is not precluded from 'using the prior acts as background evidence in support of a timely claim' " (*Baez v State of New York*, 2010 NY Slip Op 33177[U], *23 [Sup Ct, NY County 2010], quoting *Morgan*, 536 US at 113).

It is undisputed that plaintiff made out the first three elements of his claim of invidious employment discrimination under the State and City HRLs (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621 [1st Dept 2013]). We find that he also made out the fourth element, that he was adversely or differently treated because of his race or national origin (*see id.*), by alleging that management had a standing practice of refusing to promote foreign-accented criminalists, invoked this practice against him, and ultimately suspended and then terminated him when he persisted in seeking promotion and complaining about his rejections. Defendant's contrary contentions notwithstanding, disparate treatment on the basis of a foreign accent is evidence of discrimination based on race or national origin (*see Matter of Fugardi v Angus*, 216 AD2d 85, 86 [1st Dept 1995]; *see also Pibouin v CA, Inc.*, 867 F Supp 2d 315, 324 [ED NY 2012]).

The complaint also states a cause of action for retaliation under both the State and City HRLs (*see* Executive Law § 296 [7]; Administrative Code § 8-107 [7]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). We reject defendant's contention that plaintiff was not engaged in a protected activity, since his complaint is that he was not being promoted on account of his accent; as discussed above, plaintiff's foreign ac-

cent is inextricably linked with his national origin. Also unavailing are defendant's arguments that plaintiff failed to show a causal relationship between his complaints and his suspension and termination. The allegations in the complaint establish that defendant's concerted campaign of excessive scrutiny following plaintiff's persistent applications for promotion and complaints about continual rejection was calculated to, and did, lead directly to plaintiff's suspension and termination. Concur—Friedman, J.P., Acosta, Moskowitz, Kapnick and Gesmer, JJ.