■ DAMON JAMES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [41 NYS3d 221]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about April 2, 2015, which granted the motion of defendant City of New York to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously modified, on the law, to reinstate plaintiff's claims relating to facially timely allegations arising after July 25, 2011, as well as his claim relating to the alleged ongoing policy of preventing him from searching inmates, and otherwise affirmed, without costs.

Crediting the allegations in the complaint for purposes of this motion to dismiss, we find that plaintiff, a correction officer and captain during the relevant time periods, has adequately alleged a claim for sexual orientation-based discrimination in violation of the New York City Human Rights Law (*see Anderson v Edmiston & Co., Inc.,* 131 AD3d 416 [1st Dept 2015]; *Askin v Department of Educ. of the City of N.Y.,* 110 AD3d 621 [1st Dept 2013]). Plaintiff's allegations that he is an openly gay man and was qualified for the positions of correc-

tion officer and captain meet the first two elements of his discrimination claim. Plaintiff's allegations that he was written up, twice suspended, and ultimately demoted meet the third element of disadvantageous treatment (see *Santiago-Mendez v City of New York*, 136 AD3d 428 [1st Dept 2016]; *Rollins v Fencers Club, Inc.*, 128 AD3d 401 [1st Dept 2015]). Defendant's argument that plaintiff has not alleged that he was treated worse than similarly situated captains—as opposed to correction officers—is unavailing. Suspension and demotion are, on their faces, adverse employment actions. Defendant's argument is, effectively, that those actions were warranted by plaintiff's conduct while a captain, but this argument goes more properly to the second leg of the *McDonnell Douglas* burden-shifting framework (see *McDonnell Douglas Corp. v Green*, 411 US 792 [1973]), namely rebuttal of a prima facie claim of employment discrimination by showing a legitimate, nondiscriminatory reason for the adverse action (see *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 35 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]), and is misplaced at this early procedural juncture.

Plaintiff's allegation that, in about April 2013, defendant Assistant Deputy Warden Mingo followed him into a control room and poked him in the "derriere" with her radio antenna, saying, in the presence of other personnel, "Now I have your attention," coupled with his allegation that, beginning in 2007, his superiors prevented him from searching the cells and persons of inmates who objected on the ground that plaintiff is "homosexual," sufficiently allege the fourth element, discriminatory animus (see *Brathwaite v Frankel*, 98 AD3d 444, 445 [1st Dept 2012]).

Plaintiff's allegation relating to inmate cell searches, adequately alleges "a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint," permitting consideration under the continuing violations doctrine of all actions relevant to that claim, including those that would otherwise be time-barred (*Ferraro v New York City Dept. of Educ.*, 115 AD3d 497, 497-498 [1st Dept 2014]; *accord Jeudy v City of New York*, 142 AD3d 821, 823 [1st Dept 2016]). However, plaintiff's remaining allegations relating to alleged events transpiring prior to July 25, 2011, including the denial of his right to carry a firearm, are too vague and disconnected from his timely allegations to benefit from the continuing violations doctrine. Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.