Napolitano v 536 Ninth LLC (2023 NY Slip Op 03309)

Napolitano v 536 Ninth LLC

2023 NY Slip Op 03309

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 161859/15 Appeal No. 495 Case No. 2022-05160 

[*1]Philip Napolitano, Plaintiff-Appellant,
v
536 Ninth LLC et al., Defendants-Respondents.

McCallion & Associates LLP, New York (Kenneth F. McCallion of counsel), for appellant.
Gannon, Rosenefarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for 536 Ninth LLC, respondent.
Gilbert McGinnis & Liferiedge, White Plains (Thomas Herbertson of counsel), for Four Suns Fuel Co., Inc., respondent.

Order, Supreme Court, New York County (Lyle Frank, J.), entered on or about September 8, 2022, which granted defendants motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This personal injury action arose on August 21, 2015, when plaintiff was riding his bicycle in the bike lane in front of 536 Ninth Avenue in Manhattan, where he fell due to an oil hose on the ground. The hose extended from a delivery truck, allegedly owned by defendant Four Suns Fuel Oil Co., Inc. (Four Suns), to the building at 536 Ninth Avenue, owned by defendant 536 Ninth LLC (536 Ninth).
Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint because they met their prima facie burden by establishing that Four Suns did not deliver oil to 536 Ninth on the incident date (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiff's proffer in response consisted of mere conjecture and speculation, and thus failed to raise a triable issue of fact (see Wiener v City of New York, 60 AD3d 598, 598 [1st Dept 2009]). Plaintiff admitted that he could not identify who placed the hose across the Ninth Avenue bike lane. While 536 Ninth's property manager testified that Four Suns was the exclusive provider of oil to 536 Ninth, she also testified the building's commercial tenants were required to provide their own heat and utilities and had their own basements, suggesting that other oil deliveries might be made to the building.
Plaintiff abandoned his challenges to dismissal of the claims against 536 Ninth because he failed to address them on appeal (see 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540, 542 [1st Dept 2014]; Furlender v Sichenzia Ross Friedman Ference LLP, 79 AD3d 470 [1st Dept 2010]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023