## Service v Nexstar Media Group Inc.

2025 NY Slip Op 30975(U)

March 28, 2025

Supreme Court, New York County

Docket Number: Index No. 150543/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                    PART                    47

                                    *Justice*

-------------------------------------------------------------------------X

SEAN SERVICE,                                        INDEX NO.        150543/2024

                          Plaintiff,                 MOTION DATE      11/26/2024

                  - v -                              MOTION SEQ. NO.     001

NEXSTAR MEDIA GROUP INC.,MISSION
BRAODCASTING, INC.                                   **DECISION + ORDER ON
                                                          MOTION**
                          Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21

were read on this motion to/for                      DISMISS                    .

In this employment discrimination case, defendants, NEXSTAR MEDIA GROUP INC.

("NEXSTAR"), MISSION BROADCASTING, INC. ("MISSION") (NEXSTAR and MISSION

hereinafter referred to together as "WPIX")  move pre-answer, pursuant to CPLR § 3211(a)(5)

and (a)(7), to dismiss the complaint, arguing that the majority of plaintiff's allegations fall

outside the statute of limitations period, and that plaintiff has failed to state a cause of action.

Plaintiff asserts four causes of action against both defendants for: 1) Discrimination in Violation

of New York State Human Rights Law ("NYSHRL"); 2) Hostile Work Environment in Violation

of NYSHRL; 3) Discrimination in Violation of New York City Human Rights Law

("NYCHRL"); and 4) Hostile Work Environment in Violation of NYCHRL.

150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL              Page 1 of 9
  Motion No.  001

1 of 9

[* 1]

## BACKGROUND

Plaintiff, an African American male, began working at WPIX in 1999 (NYSCEF Doc No 5 at ¶ 20 – 21).[1] Plaintiff alleges that throughout his employment at WPIX he witnessed incidents of racism and discrimination which were aided and condoned by WPIX (*id*. at ¶ 77). Plaintiff alleges, among other incidents, that a noose was openly hung in the office, that fellow employees used racial epithets, and made otherwise racist comments, and when plaintiff made his concerns known to Human Resources, the actions went unremedied and continued (*id*. at ¶ 31, 34 – 36, 65, 67 – 71). Plaintiff also alleges that African-American employees were regularly treated worse than Caucasian employees, by being assigned less desirable shifts, and being passed over for promotions (*id*. at 48 – 53). Plaintiff alleges that when he inquired about applying for a promotion, he was instantly turned down, and was later told that his supervisor stated "they didn't need an angry Black guy in that position," referring to plaintiff (*id*. at ¶ 55 – 59). Plaintiff claims that in January of 2021, feeling that he could no longer tolerate the work environment at WPIX, he resigned, stating in his resignation e-mail that the reason for his resignation was the discriminatory conduct towards, plaintiff and other African-Americans he experienced while working at WPIX (*id*. at ¶ 73 – 75).

On January 20, 2022 plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against defendants (NYSCEF Doc No 13)[2]. On May 30, 2023, the EEOC issued a Determination and Notice of Right to Sue, informing plaintiff that it would not proceed any further with its investigation and notifying him that he had 90 days to file a lawsuit under federal law.

---

[1] Because this motion to dismiss has been made pre-answer, the procedural posture requires that the facts alleged in the complaint be accepted as true (*Davis v Boeheim*, 24 NY3d 262 [2014]).

[2] Plaintiff alleges that he mailed the Charge in November of 2021, but the EEOC only formally filed it on January 20, 2022 after plaintiff followed up with the office.

**150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL**                                    **Page 2 of 9**
  **Motion No.  001**

2 of 9

[* 2]

## DISCUSSION

Defendants argue that the vast majority of the allegations made by plaintiff occurred outside of the statute of limitations and therefore, causes of action arising from that alleged conduct must be dismissed. Defendants further argue that because many of the allegations my not be considered as they are time-barred, that plaintiff has failed to state a cause of action as the non-time-barred conduct does not rise to the level of actionable conduct under the NYSHRL and NYCHRL.

*Statute of Limitations*

"A party who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (*Wells Fargo Bank N.A. v Kehres*, 199 AD3d 869 [2d Dept 2021]). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period" (*id.*).

"Actions alleging discrimination under the NYSHRL and NYCHRL must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment" (*Acala v Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.*, 222 AD3d 706, 707 [2d Dept 2023]). However, plaintiff notes that Executive Order 202.8, made by Governor Cuomo in response to the Covid-19 pandemic tolled the statute of limitations for any causes of action an additional 228 days (*see Brash v Richards*, 195 AD3d 582 [2d Dept 2021]). Further, the filing of an EEOC charge further tolls the statute of limitations even though the EEOC is a federal department, because "[t]he filing of an EEOC charge constitutes a simultaneous and automatic

150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL            Page 3 of 9
  Motion No.  001

3 of 9

[* 3]

filing with the New York State Division of Human Rights (SDHR) due to a work-sharing agreement between the two agencies" (*Gabin v Greenwich House, Inc.*, 210 AD3d 497 [1st Dept 2022] [also noting that the filing of an EEOC charge should toll the period for NYCHRL claims]). Accepting plaintiff's contention that he filed the EEOC charge in November 2021, the earliest possible date to still be within the statute of limitations is March 18, 2018.

Notably, plaintiff does not specify occurrence dates for the majority of his allegations in the complaint. However, in response to the motion to dismiss, in which defendants argue that only two of the incidents identified in the complaint occurred within the relevant statute of limitations, plaintiff does not refute this, but instead argues that because the alleged discriminatory practices were continuous and ongoing, throughout plaintiff's employment with WPIX, that none of the allegations are time-barred as they represent one continuing wrong.

"The continuing wrong doctrine may be applied where there is a series of continuing wrongs that tolls the running of the limitations period to the date of the last wrongful act" (*225 ADC Realty Corp. v Popular Jewelry Corp.*, 222 AD3d 510, 511 [1st Dept 2023]). In the context of a hostile work environment claim "[a] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" (*Matter of Lozada v Elmont Hook & Ladder Co. No. 1*, 151 AD3d 860, 861-862 [2d Dept 2017]). "[T]he statute of limitations requires that only one [discriminatory] act … occur within [the statutory period] and that once that is shown, a court . . . may consider the entire time period of the hostile environment in determining liability" (*id.* at 862).

150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL
   Motion No.  001

Page 4 of 9

However, "[t]he doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct. The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (*Henry v Bank of Am.*, 147 AD3d 599, 601 [1st Dept 2017]).

*Failure to State a Cause of Action*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]).

*Direct Discrimination / Disparate Treatment*

Under both NYSHRL and NYCHRL, to assert a claim for employment discrimination the plaintiff must allege: 1) membership in a protected class; 2) qualification for the position and satisfactory performance; 3) adverse employment actions and 4) such adverse actions occurred under circumstances that give rise to an inference of discrimination (*Ferrante v Am. Lung Ass'n*, 90 NY2d 623 [1997]). "A showing of disparate treatment—that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside [of] his protected group—is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case" (*Diaz v Minhas Constr. Corp., LLC*, 188 AD3d 812, 814 [2d Dept 2020]).

150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL
Motion No.  001

Page 5 of 9

5 of 9

As a preliminary matter, while plaintiff alleges that he was denied a promotion opportunity, and was told that the reason for this denial was that a supervisor stated "they didn't need an angry Black guy in that position," (NYSCEF Doc No 5 at ¶ 55 – 59), which would state a cause of action under both the NYCHRL and NYSHRL for employment discrimination as this allegation represents an adverse employment action giving rise to an inference of discrimination, it is undisputed that this event occurred in 2013, outside the statute of limitations even after granting plaintiff the requested tolling extensions.

"The continuing-violation exception extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of discrimination] even if those acts, standing alone, would have been barred by the statute of limitations" (*Annis v County of Westchester*, 136 F3d 239, 246 [2d Cir 1998]). "To bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period" (*Palmer v Cook*, 65 Misc 3d 374, 382 [SC Qns Co 2019] quoting *Patterson v County of Oneida, N.Y.*, 375 F3d 206, 220 [2d Cir 2004]). To rely on the continuing violation doctrine, plaintiff must allege "a single continuing pattern of unlawful conduct starting from his … promotion rejection … extending into the limitations period immediately preceding the filing of the complaint" (*St. Jean Jeudy v City of New York*, 142 AD3d 821, 823 [1st Dept 2016]).

Plaintiff fails to allege any incidents within the statutory period, where he was denied promotion opportunities based on his race, nor has he plead "a pattern of unlawful conduct relating to [a] promotion" (*Crawford v Am. Broadcasting Co., Inc.*, 216 AD3d 507, 508 [1st Dept 2023] [declining to apply continuing violation doctrine based on "vague allegations" that plaintiff attempted to speak to a supervisor about promotion]; *but see Jeudy*, 142 AD3d 821

150543/2024  SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL          Page 6 of 9
Motion No.  001

6 of 9

[* 6]

[applying continuing violation doctrine to failure to promote claim, where plaintiff repeatedly applied for and was denied promotions]).

Here, the only events in plaintiff's complaint which occurred during the limitations period cannot be interpreted as a policy or "a single continuing pattern of unlawful conduct." Plaintiff alleges that during a moment of silence during the airing of George Floyd's funeral, a white coworker interrupted the silence by shouting a disrespectful comment (NYSCEF Doc No 5 at ¶¶ 63 – 65). Plaintiff also alleges that he heard an employee refer to a person in a video WPIX was airing as a racial slur (*id*. at ¶¶ 71 – 72). Plaintiff avers that despite complaining about these incidents to Human Resources, no action was ever taken (*id*. at ¶ 66 – 69).

While, as will be discussed below, these incidents may support a hostile work environment claim, plaintiff has failed to establish how these offensive remarks amount to more that petty slights, or trivial inconveniences that would demonstrate that he was treated less well than other employees because of his protected characteristics" (*Pitter-Green v NYU Langone Med. Ctr.*, 223 AD3d 576, 579 [1st Dept 2024]). Plaintiff has failed to establish that these timely incidents "constituted a pattern or practice of ongoing discriminatory" conduct, that would allow his allegations that he was refused promotion because of his race (*Mira v Harder (Evans)*, 177 AD3d 426, 426 [1st Dept 2019]). Accordingly, plaintiff's first and third causes of action will be dismissed.

*Hostile Work Environment*

"A racially hostile work environment exists [w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]; *Bilitch v New York City Health & Hosps.*

*Corp.*, 194 AD3d 999 [2d Dept 2021]). "Whether an environment is hostile or abusive can be determined only by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (*Forrest*, 3 NY3d at 310-11; *Bilitch*, 194 AD3d at 1003). Further, an employer cannot be held liable for employees' discriminatory acts or statements "unless the employer became a party to it by encouraging, condoning, or approving it" (*id.*).

Here, again first examining the alleged incidents that occurred during the statutory period the allegations cannot support a claim for a hostile work environment. While, as the Court of Appeals noted in *Forrest*, any use of a "racial slur is reprehensible [b]ut it is not actionable" (*id* at 311). "Here, the [incidents] complained of did not pervade plaintiff's work environment, having allegedly occurred on [six occasions over 24 years]. [Since, a] hostile work environment requires more than a few isolated incidents of racial enmity [and] instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments" (*id.*) the allegations here are insufficient to maintain a cause of action for a hostile work environment. Accordingly, plaintiff's second and fourth causes of action will be dismissed.

Accordingly it is,

ORDERED that the motion is granted and the complaint is dismissed, with costs and disbursements to defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter

**150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL**
**Page 8 of 9**
  Motion No.  001

8 of 9

judgment accordingly in favor of defendants.

20250328121818PGOETZD0BC8E01667B469A9393016067D46D62

| 3/28/2025 | | | PAUL A. GOETZ, J.S.C. |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150543/2024   SERVICE, SEAN vs. NEXSTAR MEDIA GROUP INC. ET AL**
**Motion No.  001**

Page 9 of 9

9 of 9